Nov. Term,
1818.

BUNTIN
v.
DOE.

*Per Curiam.*—The judgment is reversed, with costs.

*Lane*, for the plaintiffs.

(1) If a joint judgment against two, be erroneous as to one, it must be reversed as to both. *Bartle* v. *Coleman*, 6 Wheat. 475.

---

## BUNTIN and Another, Executors of BAZADONE, v. DOE, on the Demise of DUCHANE.

The appearance of a defendant, naming himself executor, when admitted in ejectment instead of the tenant in possession, is no evidence in the suit, of the death of his alleged testator under whom he claims; nor is his previous recovery, though so named, in a forcible detainer against the plaintiff's lessor, any evidence of it.

A tenant at will can maintain an action of ejectment.

In an action of ejectment, the previous recovery of the defendant against the plaintiff's lessor, in a forcible detainer, is no bar to the suit.

*Friday,*
*November 13.*

APPEAL from the *Knox* Circuit Court.—This was an action of ejectment for a house and lot in *Vincennes*. *Robert Buntin* and *Henry Dubois*, executors of *Lawrence Bazadone*, were admitted defendants instead of the tenants in possession. The evidence at the trial was, 1st, an instrument of writing from *Bazadone* to *Duchane*, permitting him to occupy a part of the premises until the grantor or his heirs should demand the same, and authorizing him to lease the other part; 2dly, the delivery of possession by *Bazadone* to *Duchane*; 3dly, the record of a recovery by *Buntin* and *Dubois*, executors of *Bazadone*, against *Duchane* in an action of forcible detainer.

The defendants below moved the Court to instruct the jury, that the evidence was not sufficient to support the action. The Court refused to give the instruction; and the defendants filed a bill of exceptions, making the evidence in the cause a part of the record.—Verdict and judgment in favour of the plaintiff in the Circuit Court.

SCOTT, J.—It is admitted by both parties that *Duchane* obtained possession by the consent of *Bazadone*; but, on the one hand it is contended, that *Duchane* had no higher interest than an estate at will, which terminated by the death of *Bazadone*; and on the other hand it is insisted, that he had an estate for life, defeasible on a condition subsequent; or at least an estate

at will, differing from ordinary estates at will, by the express stipulation of the parties, and to continue till terminated by *Bazadone* himself or his heirs. It is unnecessary at present to investigate this question. For whether *Duchane* was tenant for life on condition, or tenant at will; and whether his estate is at an end at *Bazadone's* death, or continues until terminated by the heirs at law, are points which can, at present, have no weight in deciding this case (1).

In the argument of this cause, much importance was attached to the termination of *Duchane's* estate by the death of *Bazadone*; but we do not, upon examination, find a word in the record before us, which goes to prove that *Bazadone* is dead. It is true, there is comprised in the bill of exceptions, an exhibit which shows that the appellants, calling themselves the executors of *Lawrence Bazadone*, brought forcible detainer for the property now in question. But their claiming as the executors of *Bazadone*, no more proves that they were such, than their claiming in any other right would prove that they possessed that right. The only evidence in the record from which we might presume the death of *Bazadone*, is the existence of persons calling themselves his executors. But it would be going a great length indeed, first to presume that men are executors, because they call themselves such, and from that circumstance presume the death of the alleged testator, and the consequent determination of an estate at will; and on this complication of presumptions, to reverse the judgment of a Court, solemnly rendered upon the verdict of a jury. By the consent of *Bazadone*, whose right is not called in question, *Duchane* was in possession of the premises. He was at least a tenant at will, and could support an action of ejectment. Runn. 23, 24. 2 Bac. Abr. 423. *Duchane* has done so, and it is clear that none of the objections which we have noticed, is sufficient to justify this Court in reversing the proceedings.

There was one other point made in the argument, which stands on a different foot. A record of forcible detainer brought before two justices of the peace of *Knox* county, is set up as a bar to this action. Should this principle be recognized, it would lead to consequences, to which its advocates would not be willing to subscribe. If the writ of forcible detainer, is a bar to an action of ejectment, it would for the same reason, bar a writ of right; and thus the hasty act of a jury, and two justices of the

Nov. Term,
1818.

peace, without any other law character to aid the investigation, would forever bar the highest judicial tribunal, *from deciding* the right of the most valuable property (2).

Blackford, J., gave no opinion, having been engaged as counsel in the cause.

*Per Curiam.*—The judgment is affirmed, with costs.

*Tabbs*, for the appellants.

*Dewey*, for the appellee.

(1) The old tenancies at will are now generally considered as tenancies from year to year; and it has been held, that these latter tenancies are not determined by the death of the lessor. *Maddon* v. *White*, 2 T. R. 159. Nor of the lessee, *Doe* v. *Porter*, 3 T. R. 13. Upon the death of the lessor in these cases, the tenant cannot be ejected without half a year's notice to quit. *Maddon* v. *White*, supra. So, where the tenant dies, his personal representatives are also entitled to such notice. *Doe* v. *Shore*, supra. Adams on Ejectment, 119, 120.

(2) The plaintiff, in a proceeding of forcible entry and detainer, had judgment against him, and then sued the same party in ejectment: *Held*, that the record of the judgment in the forcible entry and detainer was no bar. *Mattox* v. *Helm*, 5 Littell, 185. Neither is a recovery in ejectment final between the parties; but upon the application of the defendant, the proceedings in a subsequent ejectment will be stayed, until the costs of the previous one, upon the same title, are paid. Adams on Ejectment, 319. 2 Arch. Pr. 189.